This is a suit originally instituted by plaintiff to secure a separation from bed and board and to dissolve the community existing between herself and her husband, defendant. The prayer for relief also comprehended sequestration of an automobile, fixing of alimony, etc.
Plaintiff's original petition was filed on February 3, 1947, and a rule against defendant was fixed for February 10th, subsequently continued to February 13th, and on the latter date continued indefinitely.
On April 8, 1947, James W. Jones, Jr., resigned as counsel for plaintiff and filed a petition of intervention praying for a rule upon both plaintiff and defendant directing them to show cause why intervener should not recover the sum of $150 as attorney's fees, less a credit of $15 acknowledged to have been paid. The petition of intervention also prayed for judgment in the sum of $150, less the said credit, and the recognition of intervener's lien and privilege on the automobile originally sequestered in these proceedings. *Page 276 
The rule invoked by intervener was fixed and called for hearing on April 24, 1947, at which time both intervener and defendant appeared in propria persona. Without hearing, and on the face of the papers, the Judge of the District Court ordered the rule dismissed at intervener's cost, from which ruling, and judgment pursuant thereto, intervener brings this appeal.
Intervener's petition itself shows that after filing of this suit for separation from bed and board the same was abandoned at the request of plaintiff, who was intervener's client; that thereafter intervener's said client requested the re-urging of her suit, in consequence whereof intervener prepared supplemental proceedings which, however, were never filed; that plaintiff employed other counsel and procured a judgment of divorce against her husband, defendant in this suit. Whereupon intervener formally withdrew as counsel for plaintiff and entered these proceedings by way of intervention, in which he sought the issuance of the rule above detailed.
Intervener-appellant complains that he should have been permitted to introduce evidence for the purpose of supporting the allegations of his petition of intervention, including the substantiation of his claim for attorney's fees, and that he is entitled to a lien and privilege on the sequestered automobile to the extent of his fees.
We must confess that the present proceeding is without parallel in our experience. No issue was joined in the suit which is before us as between plaintiff and defendant, and we know of no precedent for the character of action which is being urged by intervener.
We concede that the sometimes inconsistent demands made upon attorneys at law by parties to separation and divorce proceedings who are uncertain of their own minds are exceedingly wearing upon members of the bar. Nonetheless, it is the right of litigants to hold in abeyance or to dismiss litigation which they have initiated, and, particularly, it is the undeniable right of women to change their minds.
Conceding the harassment and inconvenience suffered by intervener, we still fail to find any basis upon which his right to proceed in the manner attempted might be sustained.
And while we know that our brethren of the bar on many occasions devoutly desire the protection which would be accorded by the recognition of attorney's fees in the light of preferred claims constituting liens, as yet there is no legislative authority for such a contention.
We know of no law, nor have we been cited to any by zealous intervener, which in this proceeding.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.